```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
VIRGINIA M. PAGAN,
                                    Civil No. 15-2167(NLH)
          Plaintiff,
                                    OPINION
     v.

COMMISSIONER OF SOCIAL
SECURITY,
          Defendant.
```

**APPEARANCES:**

MICHAEL JOSEPH BROWN
WOLF & BROWN, LLC
228 KINGS HIGHWAY EAST
HADDONFIELD, NJ 08033
    On behalf of Plaintiff

TARA A. CZEKAJ
SOCIAL SECURITY ADMINISTRATION
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123
    On behalf of defendant

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying Plaintiff's application for Disability Insurance Benefits ("Social Security benefits") under Title II of the Social Security Act.  42 U.S.C. § 401, et seq.  The issue before the Court is whether the Administrative

Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, April 1, 2009.  For the reasons stated below, this Court will affirm that decision.

I.   BACKGROUND AND PROCEDURAL HISTORY

On September 12, 2011, Plaintiff filed an application for disability benefits, claiming that since April 1, 2009 her severe disabilities of fibromyalgia, obesity, depression and anxiety have rendered her completely disabled and unable to work.  Prior to her claimed disability, Plaintiff worked as a bench assembler.

After a hearing before an ALJ, it was determined that Plaintiff was not disabled, as she retained the ability to perform light work with certain restrictions.  Plaintiff appealed the decision.  The Appeals Council reviewed the ALJ's decision, and upheld it, thus rendering it as final.  Plaintiff now seeks this Court's review.

II.  DISCUSSION

   A.   Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits.  Ventura v.

2

Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S.

3

474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although an ALJ, as the fact finder, must consider and evaluate the

4

medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    B.    **Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as disabled only if his physical or mental impairments are of such

5

severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis. See 20 C.F.R. § 404.1520. This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of

>performing other work which exists in the national economy. If he is incapable, he will be found "disabled." If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence. See id. In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.  Analysis**

In this case, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (Step One). The ALJ next found that Plaintiff's

7

fibromyalgia, obesity, depression, and anxiety were severe (Step Two).  The ALJ then found that Plaintiff's impairments did not meet the medical equivalence criteria (Step Three).  At Step Four, the ALJ found that Plaintiff was capable of performing her previous job as an assembler, but the ALJ also found that Plaintiff had the residual functional capacity (RFC) to perform other jobs at the light work level, such as surveillance system monitor and telephone information clerk, which jobs are in significant numbers in the national economy (Step Five).

Plaintiff presents four arguments as to why the ALJ decision should be reversed:  (1) the ALJ did not afford proper controlling weight to her treating physician, Dr. Tran Le; (2) the ALJ erred in affording little weight to the state agency's consulting psychologist, Robert Water, Ph.D.; and (3) the ALJ improperly discounted Plaintiff's credibility; and (4) the ALJ did not properly consider the side effects of Plaintiff's pain medication.

Addressing first Plaintiff's arguments regarding the weight afforded to her treating doctor and the state consultative psychologist, the Court does not find that the ALJ erred in these assessments.  Plaintiff argues that the ALJ is required to afford controlling weight to a treating physician, and if the

8

ALJ does not, the ALJ must explain her reasons. Plaintiff also argues that an ALJ cannot substitute her judgment for that of the medical professionals. The Court agrees with Plaintiff's articulation of the standards for assessing the reports of treating physicians. Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2)) ("Opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight."); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) ("An ALJ is not free to set his own expertise against that of a physician who presents competent evidence."); Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quotation marks omitted) ("Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason."). Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted) ("The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects."). Contrary to Plaintiff's arguments, however, the Court finds that the ALJ complied with these standards.

With regard to Dr. Le, Plaintiff argues that the ALJ did not credit Dr. Le's reports from October 2011 when assessing

9

Plaintiff's RFC, as those reports showed poor hand grip, difficulty separating papers and closing buttons, inability to lift more than 10 pounds, and severe pain.  Plaintiff argues that medical records from other physicians around that same time confirm Dr. Le's assessment.

    Even though the October 2011 records describe Plaintiff's condition at that time, the ALJ detailed all of Dr. Le's treatment notes from August 8, 2011 through July 30, 2013, during which period Plaintiff saw Dr. Le sixteen times.  Over the course of two years, adjustments to Plaintiff's medications for depression and fibromyalga pain resulted in Plaintiff having good management of her pain and mental health.  (R. at 29-30.)  By January 2013 and the seven months that followed, Plaintiff reported to Dr. Le that her pain was controlled, she was attending mental health therapy, her mental health medications had been adjusted, she was less depressed and more stable, sleeping better, and her mood improved.  The ALJ properly considered all of this evidence, instead of relying solely on an October 2011 report by Plaintiff's treating physician as advocated by Plaintiff.

    Similarly, Plaintiff argues that the ALJ should have afforded state consultative psychologist Dr. Waters' report more

10

than "little" weight.  Dr. Waters performed a one-time examination of Plaintiff on December 19, 2011.  At that time, Dr. Waters recorded Plaintiff's complaints of pain, inability to walk, sleep disturbances, childhood trauma, anxiety and depression.  Dr. Waters diagnosed Plaintiff with dysthymic disorder and generalized anxiety disorder.

The ALJ specifically addressed Dr. Waters' report. (R. at 31, 38.)  Even though in December 2011 Dr. Waters concluded that Plaintiff was moderately to severely limited due to her mental and physical status, the ALJ noted that Dr. Waters had no specialty in rheumatology to offer an opinion about Plaintiff's physical impairments.  The ALJ also noted that prior to Dr. Waters' evaluation of Plaintiff, she had not undergone professionally managed health treatment.[1]  When considering Dr. Waters' December 2011 report in the context of the mental and physical treatment Plaintiff received over the next two years, the Court cannot find any error in the ALJ's assessment of Dr.

---

[1] Plaintiff takes issue with the ALJ's statement that as of December 2011, Plaintiff was an "under-treated" patient, and points to a counseling session in 2008 and a July 2011 hospitalization for depression and attempted suicide.  The ALJ observed that at the time of Dr. Waters' examination of Plaintiff, Plaintiff had not undergone "professionally managed health treatment."  That statement is not inconsistent with Plaintiff's two prior treatment sessions, one in 2008 and one in 2011.

11

Waters' report.

Next, Plaintiff argues that the ALJ improperly discounted her credibility.  Plaintiff takes issue with the ALJ's recitation of the function reports prepared by Plaintiff and her husband, and the ALJ's identification of inconsistencies in the reports when compared to the medical evidence.  Plaintiff argues that it is her disabilities that caused the inconsistencies – i.e., problems with memory and concentration and the inability to complete tasks – and the ALJ should not hold these inconsistencies against her.

Even though the ALJ found inconsistencies in Plaintiff's reports regarding her daily functions, which lessened the credibility of Plaintiff's testimony, the ALJ still credited Plaintiff's subjective complaints about pain and other impairments to the extent that they were corroborated by the medical evidence.  The ALJ did not completely disregard Plaintiff's reports about her functions, and she only reduced her reliance upon Plaintiff's statements to the level supported by the evidence in the record.  Indeed, the ALJ's determination of Plaintiff's RFC took into account many of Plaintiff's self-described limitations (limited stating and sitting, no overhead lifting, no climbing, only simple tasks and low stress, and

12

several breaks).  The ALJ did not err in assessing Plaintiff's credibility in this way.  See Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999) (explaining that allegations of pain and other subjective symptoms must be supported by objective medical evidence, and an ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony); SSR 96-7p ("No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms."); 20 C.F.R. § 416.929(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence. . . .").

    Finally, Plaintiff argues that the ALJ did not assess the side-effects of her pain medication when determining that she retained the RFC to perform light work.  Plaintiff makes this conclusory argument, without explaining how the ALJ failed to consider the medication side-effects, other than arguing that

13

the ALJ did not perform that analysis.  Plaintiff does not articulate what side-effects from which medication the ALJ should have considered.  Accordingly, the ALJ's decision cannot be reversed on this basis.  See Grandillo v. Barnhart, 105 F. App'x 415, 419 (3d Cir. 2004) (Grandillo contends that the ALJ failed to take into account the adverse side-effects of Grandillo's medication. But, as the government observes, the record is devoid of any evidence that Grandillo reported these adverse side-effects to her treating physicians or that those physicians adjusted the dosage or nature of her medication to control for poor toleration. The mere fact that Grandillo was taking medication known to induce adverse side-effects in some small percentage of patients did not require the ALJ to assume Grandillo actually experienced those side effects.").

**III. Conclusion**

For the reasons expressed above, the ALJ's determination that Plaintiff is not totally disabled as of April 1, 2009, is supported by substantial evidence.  Accordingly, the decision of the ALJ is affirmed.  An accompanying Order will be issued.

Date: March 14, 2016                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.